IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TWAINE JONES,

    Defendant.                                     No. 99-CR-30249-DRH

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

Before the Court is defendant Twaine Jones' Motion for Writ of Error Coram Nobis (Doc. 143). For the reasons set forth below, the motion is **DENIED** for lack of jurisdiction.

On July 20, 2000, a jury convicted defendant of three counts of possession with intent to distribute. The Court held a sentencing hearing on November 6, 2000. The defendant received concurrent sentences on all three counts, the longest being a thirty year sentence for possession with intent to distribute 135.8 grams of cocaine base.

The defendant appealed his convictions as well as his sentence. *See U.S. v. Jones,* 248 F.3d 671 (7th Cir. 2001). On appeal, petitioner argued that the Court improperly admitted testimony of government informants under Rule 404(b) of the Federal Rules of Evidence, and that the Court improperly increased his sentence based upon drug quantities that were not alleged in the indictment or proven to the jury. The Seventh Circuit rejected petitioner's arguments, holding

the 404(b) evidence was properly admitted, and the Court did not violate *Apprendi v. New Jersey,* 120 S.Ct. 2348 (2000), by including uncharged drug sales as relevant conduct, and affirmed the conviction and sentence.

On October 2, 2002, defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. *See* Case No. 02-1062. The defendant raised a number of arguments including alleged violations of his due process rights and ineffective assistance of trial and appellate counsel. The defendant's 2255 petition was ultimately denied and dismissed with prejudice. Thereafter, the Seventh Circuit denied defendant's request for a certificate of appealability. *Jones v. United States,* No. 05-1801 (7th Cir. July. 28, 2005)(unpublished order). Defendant then filed a motion in the district court pursuant to Federal Rule of Civil Procedure 60(b). In his Rule 60(b) motion, defendant reargued the merits of his habeas corpus petition. The district identified defendant's motion as an unauthorized successive collateral attack and dismissed it for lack of jurisdiction. In October 2006, the Seventh Circuit again denied a certificate of appealability. *See Jones v. United States,* No. 06-3268 (7th Cir. October 30, 2006)(unpublished order).

On May 26, 2015, the defendant filed the subject motion in his criminal case. Defendant styles his latest filing a "Motion for Writ of Error Coram Nobis." The motion again asserts claims of ineffective assistance of counsel.

The Seventh Circuit has rejected the use of Writs of Error Coram Nobis as a means of circumventing the procedural bars imposed by motions brought pursuant to Section 2255. Specifically, the Court of Appeals has held:

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (internal citations omitted) (emphasis in original). *See also United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007) ("any post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion").

Defendant's motion alleges his convictions should be vacated because he was denied constitutionally effective assistance of trial counsel under the Sixth Amendment. Such a claim falls squarely within the scope of paragraph 1 of Section 2255. Accordingly, under *Melton*, the present filing must be treated as a motion under Section 2255.[1]

This constitutes defendant's second collateral attack on his sentence; the court does not have jurisdiction to entertain a successive Section 2255 motion

---

[1] If this were defendant's initial post-judgment motion, the Court would provide defendant with a warning and offer the opportunity to withdraw or supplement the pleading. *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786 (2003). However, no such warnings are necessary when a successive collateral motion is involved. *Melton*, 359 F.3d at 857.

absent certification by the Seventh Circuit Court of Appeals. 28 U.S.C. § 2255(h); *United States v. Boyd,* 591 F.3d 953 (7th Cir. 2010). Therefore, the defendant's motion must be dismissed for lack of subject matter jurisdiction.

For the reasons discussed herein, defendant's motion is **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**

Signed this 29th day of May, 2015.

Digitally signed by
David R. Herndon
Date: 2015.05.29
13:22:24 -05'00'

**United States District Court**