IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TWAINE JONES,

    Defendant.                                              No. 99-CR-30249-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I.    INTRODUCTION AND BACKGROUND

This matter comes before the Court on defendant's *pro se* motion (Doc. 138) for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c) and the retroactive amendments to the drug quantity sentencing guidelines. Also pending is a separate motion to reduce sentence, which was filed by prior counsel who has since withdrawn (Doc. 137). Upon granting the prior counsel's motion to withdraw, the Court directed the matter be referred to the Office of the Federal Public Defender (Doc. 141). The Federal Public Defender for the Southern District of Illinois entered an appearance in this matter pursuant to Administrative Order 167 (Doc. 142). Upon reviewing the case, the Federal Public Defender concluded the defendant has no meritorious basis for relief and filed a motion to withdraw (Doc. 155). The Court allowed defendant until September 3, 2015 to respond to counsel's motion to withdraw (Doc. 156). Defendant failed to

respond. Accordingly, the Court proceeds with assessing the above described pending motions.

The motion to withdraw states counsel has determined defendant does not have a meritorious basis for obtaining relief under 18 U.S.C. § 3582(c) and the retroactive amendments to the drug quantity sentencing guidelines. Counsel states that application of Amendment 782 does not change the defendant's guideline range. Specifically counsel explains as follows:

- When the Defendant was originally sentenced, the total offense level was 42 based in part on relevant conduct of 25,325.4 kilograms of marihuana equivalents. The marihuana equivalents for this matter produced a base offense of 36.[1] Based upon a total offense level of 42 and a criminal history category of II, the guideline range of imprisonment was 360 months to life. The Defendant was sentenced to 360 months.

- The 2007-2008 sentencing guidelines amendments reduced the defendant's guidelines to offense level 40. Accordingly, on October 22, 2008, the Court entered an order reducing the defendant's sentence to 324 months, based upon an offense level of 40 and a criminal history category of II (Doc. 107).

- Under Amendment 782, the relevant conduct for this matter is calculated at approximately 10,259 kilograms of marihuana equivalents. The current base offense for a matter involving over 10,000 kilograms of marihuana is a level 34. Adding the other adjustments to the offense level as noted in the Presentence Report, the total offense level taking into account the retroactive amendment is 40. A total offense level of 40 and a criminal history category of II, the guideline range for imprisonment is 324 months to 405 months.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant ... has been sentenced to a term of

---

[1] There were adjustments to the offense level for use of a firearm (+2), use of a minor (+2), and obstruction of justice (+2).

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)...." In the instant case, it is evident the defendant cannot demonstrate that his sentencing range has subsequently been lowered by the Sentencing Commission as required by 18 U.S.C. § 3582(c)(2). Accordingly, the defendant is not eligible for a reduction.

Because the defendant cannot satisfy the requirements of 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **DENIES** the pending motions to reduce (Docs 138, 137), **GRANTS** the pending Motion to Withdraw as Attorney (Doc. 155), and **ORDERS** that counsel G. Ethan Skaggs is **WITHDRAWN** from this matter.

**FURTHER,** the Court **DIRECTS** the Clerk of Court to send a copy of this order to defendant.

**IT IS SO ORDERED.**

Signed this 21st day of September, 2015.

Digitally signed by
David R. Herndon
Date: 2015.09.21
13:21:55 -05'00'

**United States District Court**